UNITED STATES COURT OF APPEALS
**Filed 10/23/96**
FOR THE TENTH CIRCUIT

GEORGE E. DAGO,

       Plaintiff-Appellant,

v.

ROBERT CLARK; and an unknown
number of Marshals in the employ of
the United States Marshals Service,
individually and in their official
capacities,

       Defendants-Appellees.

No. 96-1094
(D.C. No. 95-M-888)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District
Judge.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable John W. Lungstrum, District Judge, United States District Court
for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from a district court order granting defendants' motion for summary judgment. We affirm.

The defendants are the United States Marshals and Assistant United States Attorney who effected the seizure and civil forfeiture of plaintiff's property in connection with his prosecution on various drug trafficking charges. The forfeiture proceeding concluded with a consent judgment, which ordered some of the property seized to be forfeited and the rest returned to plaintiff or his wife. Sometime later, plaintiff commenced this action for constitutional redress under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming defendants had violated his due process rights because various items of released property allegedly had been "lost, given away, or stolen" through their negligence, deliberate indifference, and/or conversion. See R. I doc. 3, at 9-12. During the course of the litigation, plaintiff interjected an additional due process claim based on the manner in which some of the property had been seized. Ultimately, the district court granted defendants' motion for summary judgment on grounds of res judicata and immunity.

On appeal, plaintiff has abandoned the claims regarding loss of property and illegal seizure urged in the district court, and has turned to a completely new attack on the legality of the forfeiture proceeding itself. He now contends the continuation of that proceeding while the associated criminal complaint was dismissed and then reinstated upon indictment, was unauthorized and unconstitutional. In their answer brief, defendants point out the obvious procedural infirmity of plaintiff's appeal and ask us to enforce applicable waiver principles, under which plaintiff has jeopardized both his original, abandoned claims and his new, unpreserved contentions.[1] See generally Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir. 1993); Dixon v. City of Lawton, 898 F.2d 1443, 1449 n.7 (10th Cir. 1990).

In his reply brief, plaintiff makes no attempt to justify his assertion of different claims before this court than were urged before the district court or to offer any reason for excepting the case from the waiver consequences that ordinarily attend such conduct. Instead, he presents yet another digression from his original allegations, arguing such collateral matters as the inadequacy of the field testing done on the contraband underlying his drug conviction and the

---

[1] Defendants also insist plaintiff's appeal is subject to waiver for failure to object to the magistrate judge's recommendation. We reject this contention, however, as the record contains a timely objection from plaintiff, R. I at doc. 19, which was specifically acknowledged by the district court, id. doc. 20.

inability to trace the property seized as proceeds from the "drug sales"--issues clearly foreclosed in any event by his guilty plea in the criminal prosecution and his consent to judgment in the civil forfeiture.  We conclude that plaintiff has lost, through unexcused waiver, all of the issues raised in support of this lawsuit, both in the district court and on appeal.

There being nothing left for this court properly to review, the judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge